IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TAURUS L. MOSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-062 |
| | ) | |
| KOMOLA EDWARDS; ANTOINE CALDWELL; SEAN GITTENS; JOHN MOORE; TIMOTHY PHILLIPS; ANGIE PITTMAN; MARK SMITH; WOODROW TRIPP; and GEORGIA DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Defendants move to stay all discovery related activities, including initial disclosure obligations, as well as the planning conference and the submission of the requisite discovery plan under Fed. R. Civ. P. 26(f) and Loc. R. 26.1. Plaintiff opposes the motion. (Doc. no. 11, pp., 1, 3.) For the reasons set forth below, the Court **GRANTS** the motion to stay. (Doc. no. 6.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive

>motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the dispositive motion from Defendants, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, the motion seeks dismissal of all claims. (See doc. no. 5.) Moreover, although Plaintiff opposes dismissal of the entire case and argues "[d]iscovery is necessary for Plaintiff to obtain evidence to support his claims," he provides no reason why he would be prejudiced by waiting to see if any claims survive the motion to dismiss before proceeding with discovery on any issue(s) which may remain. (Doc. no. 11, p. 3.) When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** all aspects of discovery in this action pending resolution of Defendants' motion to dismiss. Should any portion of the case remain after resolution of the motion, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling. In the event the presiding District

Judge, in his ruling on the pending dispositive motion, provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

SO ORDERED this 14th day of August, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA